IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBERT D. KLINE,** | : | CIVIL ACTION NO. 4:22-CV-1823 |
| **Plaintiff** | : | (Judge Conner) |
| v. | : | |
| **TIMOTHY OLADELE JOLAYEMI, JR.,** | : | |
| **Defendant** | : | |

# ORDER

AND NOW, this 25th day of January, 2024, upon consideration of the report (Doc. 16) of Magistrate Judge Daryl F. Bloom, wherein Judge Bloom recommends that the court (1) construe plaintiff Robert D. Kline's motion (Doc. 14) for assessment of damages as a motion for default judgment in light of defendant Timothy Jolayemi's failure to enter an appearance or respond to this action in any way for more than a year, (see Doc. 16 at 3, 6 (citing Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000))); (2) grant the motion as construed in part by limiting Kline's recovery to $500 in statutory damages for each of the telemarketing calls he challenges pursuant to Section 227(b)(3)(B) of the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227, *et seq.*,, as opposed to $1,500 per call recoverable, in the court's discretion, for knowing or willful violations of the TCPA, see id. § 227(b)(3), for which Judge Bloom concludes Kline has failed to produce "any evidence" in support, (see Doc. 16 at 7); and (3) direct Kline to further substantiate his claim for damages by providing additional affidavits or materials, (see id. at 8), and the court noting that Kline has filed objections (Doc. 17) to the

report focused on the issue of treble damages, see FED. R. CIV. P. 72(b)(2), and following *de novo* review of the contested portions of the report, see E.E.O.C. v. City of Long Branch, 866 F.3d 93, 99 (3d Cir. 2017) (quoting 28 U.S.C. § 636(b)(1)), and affording "reasoned consideration" to the uncontested portions, see id. (quoting Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987)), the court finding Judge Bloom's analysis with regard to the entry of default judgment and the inadequacy of the documentation Kline submitted in support of his request for damages to be well-reasoned and fully supported by the applicable law, but the court concluding the report improperly places upon Kline the burden to produce "evidence" in support of his assertion that Jolayemi knowingly or willfully violated the TCPA, whereas default judgment is appropriate when the undisputed facts of the complaint state a *prima facie* cause of action, see DIRECTV, Inc. v. Pepe, 431 F.3d 162, 165 n.6 (3d Cir. 2005) (quoting Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990)); 10A CHARLES ALAN WRIGHT & ARTHUR MILLER, FEDERAL PRACTICE & PROCEDURE § 2688.1 (4th ed. 2018) (citing, *inter alia*, Comdyne I, Inc., 908 F.2d 1142), and the court, having undertaken an independent assessment of Kline's complaint, noting that Kline alleges Jolayemi and his associates called Kline's cell phone multiple times for insurance telemarketing purposes without Kline's prior express consent, including at least once by way of an automatic telephone dialing system while utilizing "spoofing" technology to mask the caller ID number and manipulate the dialing system so that the text that appeared on Kline's phone was the name of a city ("Phoenix") instead of "Spam," thus increasing the likelihood that someone would answer, (see Doc. 1 ¶¶ 37-48, 66), allegedly in violation of Section

227(b)(1)(A)(iii) of the TCPA and its accompanying regulations, see 47 C.F.R. § 64.1200(a)(1)(iii) and (a)(2), and that, when Kline requested a copy of Jolayemi's "do not call" policy—which all "[p]ersons or entities" who make "calls for telemarketing purposes" are required to maintain and produce "upon demand," see id. § 64.1200(d)(1), (e)—Jolayemi failed to provide one, (see id. ¶¶ 19-20, 61-63; see also Doc. 1-3), and the court concluding that Kline has sufficiently pled Jolayemi knowingly or willfully violated the TCPA and thus is entitled to treble damages in the amount of $1,500 for each violation, see Hashw v. Dep't Stores Nat'l Bank, 986 F. Supp. 2d 1058, 1061-62 (D. Minn. 2013) ("'[W]illfully' or 'knowingly' simply requires that the act be intentional or volitional, as opposed to inadvertent, and not that defendant must have known that the conduct would violate the [TCPA].") (quoting Bridgeview Health Care Ctr. Ltd. v. Clark, No. 09-C-5601, 2013 WL 1154206, at *7 (N.D. Ill. Mar. 19, 2013)); see also Krakauer v. Dish Network, L.L.C., 925 F.3d 643, 661-63 (4th Cir. 2019) (affirming award of treble damages for Dish Network's own conduct and that of its agents making calls on the company's behalf); Charvat v. NMP, LLC, 656 F.3d 440, 449 (6th Cir. 2011) (concluding treble damages are available for willful or knowing violations of automated-call and do-not-call-list provisions of TCPA, "even if both violations occurred in the same call"), but the court also concluding Kline has failed to provided adequate documentation

in support of his full request for $3,657.75 in damages,[1] see Fed. R. Civ. P. 55(a)(2), it is hereby ORDERED that:

1.  Magistrate Judge Bloom's report (Doc. 16) is ADOPTED IN PART as set forth below.

2.  Kline's motion (Doc. 14) for assessment of damages is construed as a motion for default judgment and is GRANTED as construed.

3.  Jolayemi is ENJOINED from calling Kline using an automated telephone dialing system and from placing telemarketing calls to Kline without properly identifying himself or his entity.

4.  The Clerk of Court is directed to ENTER judgment in favor of Kline and against Jolayemi in the amount of $3,408.00, with interest thereon from the date of judgment pursuant to 28 U.S.C. § 1961.

5.  The Clerk of Court shall thereafter CLOSE this case.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

---

[1] Kline submitted an affidavit of damages along with his objections. (See Doc. 18). Kline's affidavit sets forth a short, itemized list including treble statutory damages totaling $3,000 ($1,500 per TCPA violation); $249.75 to "[f]ile complaint at district magistrate court and pay for personal service"; $402 to file his complaint in this court; and $6 for notarizing his affidavit. (See id. at 1). A receipt for the notary fee and a scanned image of the $402 check Kline submitted to the Clerk of this court are attached to his affidavit. (See id., Exs. 1, 2; see also Doc. 5). However, Kline has failed to submit documentation substantiating the $249.75 filing expense, and his supporting brief contains individualized expenses purportedly in relation therewith that do not add up to $249.75. (See Doc. 15 at 1-2). Consequently, Kline is not entitled to recover that expense.